IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALMA DELIA VALENZUELA,<br><br>Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); PAUL WIMMER, Tooele County Sheriff; DAVID VENTURELLA, Acting Director of ICE; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | ORDER ON DOCUMENT PRODUCTION AND BOND HEARING<br><br>Case No. 2:26-cv-00886-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before this court is Petitioner Alma Delia Valenzuela's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. On October 13, this court concluded that Ms. Valenzuela was entitled to a bond hearing at which Respondents bore the burden of establishing by clear and convincing evidence that Ms. Valenzuela is a flight risk or danger to the community under 8 U.S.C. § 1226(a). Dkt. No. 34, p. 10. As Ms. Valenzuela's bond hearing was scheduled for the same day, this court directed the parties to file by October 16 status reports indicating whether the hearing took place and, if it did, which party bore the burden of proof at the hearing. *Id.* at 11–12. This court also ordered Respondents to produce certain categories of documents, or sworn declarations that such documents do not exist, by October 16. *Id.* at 11.

On October 16, Ms. Valenzuela's counsel filed a status report indicating that the bond hearing took place on October 13; that Ms. Valenzuela was assigned the burden of establishing by clear and convincing evidence that she was not a flight risk or danger to the community; that Ms. Valenzuela was denied bond; and that Respondents had not produced the documents ordered to be produced by October 16 in these proceedings. Dkt. No. 35, pp. 1–2. As of October 16, Respondents had not filed a status report, nor had they requested an extension of time.

**ORDER**

For the reasons discussed in this court's October 13 Memorandum Decision and Order, the court ORDERS as follows:

1. Respondents are ORDERED to file a status report on or before October 21. That report must:
    a. Confirm that Respondents have vacated the request for Ms. Valenzuela's voluntary departure.
    b. Confirm that Respondents' counsel has informed Respondents that they are ENJOINED from detaining Ms. Valenzuela, denying her bond or conditional parole, or seeking her deportation on the basis of the voluntary departure form and that that form is void.
    c. Explain Respondents' failure to timely produce the documents ordered by the court.
2. Respondents are ORDERED to provide Ms. Valenzuela with a bond hearing on or before October 26, 2026, in the West Valley Immigration Court in Utah, at which the

government will bear the burden of establishing by clear and convincing evidence that Ms. Valenzuela is a flight risk or danger to the community under 8 U.S.C. § 1226(a). [1]

a. Respondents continue to be ENJOINED from denying Ms. Valenzuela bond on the basis that she is subject to detention under 8 U.S.C. § 1225(b)(2).

b. If Respondents fail to provide Ms. Valenzuela with such a bond hearing under 8 U.S.C. § 1226(a) on or before October 26, she must either be immediately released from detention or released in Salt Lake City as soon as practical and without undue delay, depending on Ms. Valenzuela's preference.

c. If Ms. Valenzuela is released on bond or conditional parole or released because Respondents failed to provide a bond hearing, Respondents are ORDERED, at the time of release, to provide her any personal effects and identification documents that were confiscated from her.

3. Respondents are further ORDERED to file a status report on or before October 28. If Ms. Valenzuela is granted bond or conditional parole, that report must confirm that Ms.

---

[1] While the court is cognizant that it may not set aside a denial of bond by an immigration judge, it does have jurisdiction to review whether an immigration detainee's due process rights have been violated. *See See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); *Pena Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439 (D. Utah Apr. 3, 2026); *Vargas Rodriguez v. Leyva*, No. 1:26-cv-00132-JNP, 2026 WL 2797321 (D. Utah Sept. 18, 2026); *Chiriboga v. Mullin*, No. 2:26-cv-00760-JNP, 2026 WL 2797328 (D. Utah Sept. 18, 2026); *Andrade v. Mullin*, 2:26-cv-00805-JNP, 2026 WL 2641853 (D. Utah Sept. 8, 2026). Ordering a "redo" of a bond hearing is not unheard of in situations where due process was not adequately afforded. *See Abdifatah M. A. v. Blanche*, No. 26-CV-3475 (LMP/DLM), 2026 WL 2676756, at *2 (D. Minn. Sept. 11, 2026) (granting a "redo" of a noncitizen's immigration bond hearing because of due process deficiencies in the first bond hearing and noting that "a federal court may evaluate whether a bond hearing was constitutionally sufficient as a matter of due process"). Moreover, in this case the court's October 13 order regarding burden shifting at Ms. Valenzuela's bond hearing would have issued prior to the hearing but for the parties' confusion regarding the date of that hearing.

Valenzuela has been released from custody within 24 hours after any bond has been posted. If Ms. Valenzuela is not granted bond, the report must state the reasons for that denial. If Ms. Valenzuela has not been given a bond hearing, the report must confirm that she has been released or will be released in Salt Lake City as soon as practical.

DATED October 19, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah